### SUN COMPANY, INC. (R & M)

v.

### Sam SASA et al.

### No. 97–320–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1998.

John B. Reilly, Gary N. Stewart, Warwick. William A. Gosz, Providence.

### ORDER

This case came before a panel of the Supreme Court for oral argument on February 17, 1998, pursuant to an order directing both parties to appear and show cause why the appeal of the defendants, Sam Sasa and Mohamad N. Sasa, should not be summarily decided. The defendants have appealed from a final judgment entered after a Superior Court trial justice granted the motion for summary judgment of the plaintiff, Sun Company, Inc. (R & M)(Sun). After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Thus, the issues raised in the appeal will be decided at this time.

B. & A Petroleum, Inc., (B & A) operated a gas station in Johnston, Rhode Island, on property which it leased from owners, Ronald and Joanne Acciardo (Acciardos). Sun leased certain equipment, including the fuel pumping equipment, to B & A for the operation of the gas station.

The Acciardos defaulted on their mortgage and, consequently, a foreclosure sale took place on the Johnston property on September 23, 1994. The new owners, Paul and Madlen Chobanian, transferred title to the property to Mohamad Sasa (Sasa) by means of a deed that purported to transfer title to the "land with all buildings and improvements thereon." The equipment leased by Sun to B & A remained on, and was attached to, the property until a Superior Court trial justice granted Sun's motion for issuance of a writ of replevin, in respect to the equipment, subject to the filing of a replevin bond for $130,000. On March 17, 1995, that writ was served and executed. Sun and Sasa then filed cross-motions for summary judgment. The trial justice granted Sun's motion and released the replevin bond, basing her decision on the fact that the equipment leased to B & A by Sun was a trade fixture that was not conveyed with the title to the property. We agree.

In this case, Sun presented evidence that the equipment was attached by nuts, bolts, and couplings and was readily removable without materially damaging the property. The franchise agreement also revealed that Sun intended to "loan" the equipment to a dealer for its own benefit, and did not intend that it become permanently part of the property.

*In Moss v. Rocky Point Park, Inc.*, 81 R.I. 327, 103 A.2d 72 (1954), the plaintiff claimed ownership of an amusement ride that the defendant owner of an amusement park sold to a third party. The defendant claimed that the ride was not personal property but had

become part of the realty purchased by the defendant. This Court pointed out that "the ride could be dismantled * * * without substantial damage to the land. There is no convincing evidence that * * * the ride was affixed as a permanent improvement to the land." *Id.* 103 A.2d at 76. The Court held that "the only reasonable conclusion is that [the ride] was a trade fixture and therefore did not lose its identity as personal property." *Id.*

Applying the holding of Moss to the instant case, we conclude that there is no issue of fact that the equipment here was removable—and in fact has been removed from the property—and that it has been removed without substantial damage to the equipment or to the real estate. Therefore, we hold that the equipment did not become a fixture or a part of the realty. Hence, Sun was entitled to a judgment as a matter of law.

Accordingly, we deny and dismiss the appeal, and affirm the judgment of the Superior Court to which we remand the papers in this case.

BOURCIER and GOLDBERG, JJ., did not participate.